

# THE ATTORNEY GENERAL
## OF TEXAS

August 3, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Oliver Lewis, Jr.
Bexar County Auditor
224 Dwyer
San Antonio, Texas 78204

Opinion No. JM-938

Re: Conflict between portions of the Government Code regarding salary supplementation of district judges in Bexar County (RQ-1401)

Dear Mr. Lewis:

You ask us to resolve an apparent conflict between two provisions of section 32.015 of the Government Code. Section 32.015 provides:

>  (a) The Commissioners Court of Bexar County shall budget for and pay the judges of the district courts having jurisdiction in that county an annual salary of $12,000 for services rendered and for performing administrative services.

>  (b) The salary shall be paid in equal monthly installments from the county general fund or officers' salary fund.

>  (c) The salary is in addition to the salary paid by the state.

>  (d) The combined yearly salary from the county and the state received by each judge of the district courts of Bexar County may not exceed an amount equal to $1,000 less than the combined yearly salary from the state and county received by each justice of the court of appeals in the court of appeals district in which Bexar County is located.

You suggest that subsection (a) conflicts with subsection (d). Subsection (a) provides that Bexar County shall pay district judges an annual salary of $12,000. You interpret subsection (d) as allowing Bexar County to pay district judges any amount as long as the amount is at least $1,000 less than the combined annual salary received by justices of the court of appeals for the Fourth Court of Appeals. See

Gov't Code § 22.201(e) (Bexar County within Fourth Court of Appeals District). You argue that subsection (d) was enacted later in time than subsection (a) and that it therefore prevails. We disagree both with your interpretation of subsection (d) and with your suggestion that subsection (d) was enacted later than subsection (a).

The substance of subsection (a) was enacted at the same time as the substance of subsection (d) and was originally codified as article 6819a-19c, V.T.C.S. Acts 1973, 63rd Leg., ch. 205, at 476. The original language was as follows:

> Section 1. The judges of the district courts of Bexar County shall receive, in addition to the salary paid by the State to them and to other District Judges of this State, the sum of $12,000 annually <u>subject to the provisions of Section 2 of this Act</u>, to be paid in equal monthly installments out of the General Fund or Officers Salary Fund of the county, for all services rendered to the county and for performing administrative services. The Commissioners Court shall make proper budget provisions for the payment thereof . . . .

> Section 2. The combined yearly salary rate from state and county sources of the judges of the district courts of Bexar County may not exceed an amount which is $1,000 less than the combined yearly salary rate from state and county sources received by the judges of the Court of Civil Appeals in whose district Bexar County is located. (Emphasis added.)

Because the requirement that Bexar County pay $12,000 to district judges was made subject to the requirement that a district judge's total salary be at least $1,000 less than the salaries of the justices of the Fourth Court of Appeals, it follows that the $12,000 supplement would have to be reduced if it caused the district judges' salaries to exceed that cap.

In 1985 the legislature adopted the Judicial Title of the Government Code, which was a nonsubstantive recodification of a number of statutes affecting the judiciary. Acts 1985, 69th Leg., ch. 480, § 1, at 1720. Article 6819a-19c, V.T.C.S., was recodified as section 32.015 of the Government Code. Although the precise language was changed, the recodification was nonsubstantive. <u>Id.</u> § 27 (providing that

Judicial Title of  Government Code is  not intended to  make substantive changes in the law).

In 1987  the  legislature  amended  subsection  (d)  of section 32.015 as follows:

> Section  32.015(d),  Government  Code,  is amended to read as follows:
>
> (d)  The combined yearly  salary from  the county and the state  received by each  judge of the district  courts of  Bexar County  may not exceed  an amount  equal to  $1,000  less than the  combined  yearly  salary  from  the state and county received by each justice  of the court of appeals in the <u>court of appeals</u> [~~supreme-judicial~~] district in  which  Bexar County is located.

Acts 1987, 70th Leg., ch. 148,  § 1.46, at 539.  It is  this change that is the basis for your suggestion that subsection (d) is  a later  enactment than  subsection (a).  The  only change made by the 1987  amendment, however, was to  substitute the phrase "court of  appeals" for the phrase  "supreme judicial."  That was done in order to conform the Government Code to changes made by  the adoption of the  constitutional amendments proposed by Senate Joint Resolution No. 14,  Acts of the 69th Legislature, Regular Session, 1985.  Acts  1987, 70th Leg., ch. 148, § 1.01, at 535.  That conforming  amendment makes no substantive change in subsection (d) and  does not affect the meaning of section 32.015.

In summary, subsection (d) does not permit Bexar County to pay  district  judges  more than  $12,000.  Rather,  the language of  the original  enactment makes  clear that  subsection (d) could,  under a future  appropriations act,[1]  be

---

1.  Under the current appropriations act there would be no need to reduce the $12,000 supplement.  The annual salary to be paid  by the state  to the associate  justices of  the Fourth Court of  Appeals by  the state  is $70,916.  General Appropriations Act, Acts 1987, 70th  Leg., 2d C.S., ch.  78, § IV-4 (chief justice to receive $71,379).  The annual salary to be paid to district court judges by the state is $56,135. <u>Id.</u> § IV-25.  Section 32.015 of the Government Code provides that the Bexar County  supplement for district judges  shall be $12,000.  The total state and county salary for  district court judges in Bexar  County, therefore, would be  $68,135.
(Footnote Continued)

the basis for <u>reducing</u> the Bexar County supplement for district judges.

### S U M M A R Y

Bexar County has no authority to pay district judges a salary supplement of more than $12,000 a year.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

---

(Footnote Continued)
Even if the justices of the Fourth Court of Appeals received no county supplement, the salary of the district court judges would be $2,781 less than the salary of the justices for the Fourth Court of Appeals. <u>See</u> Gov't Code § 31.001 (authorizing counties to supplement salaries of justices of courts of appeals). <u>See generally</u> Attorney General Opinion H-123 (1973). Therefore, compliance with subsection (a) of section 32.015 would not prevent Bexar County from also complying with subsection (d).